1   PHILLIP A. TALBERT
    Acting United States Attorney
2   KATHERINE E. SCHUH
    Assistant United States Attorney
3   2500 Tulare Street, Suite 4401
    Fresno, CA 93721
4   Telephone: (559) 497-4000
    Facsimile: (559) 497-4099
5

6   Attorneys for Plaintiff
    United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:19-CR-00007-NONE-SKO

12                    Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13          v.                             FINDINGS AND ORDER

14  MANUEL MONTENEGRO, ET AL.,             DATE: November 10, 2021
                                           TIME: 1:00 p.m.
15                    Defendants.          COURT: Hon. Barbara A. McAuliffe

16

17          This case is set for a status conference on November 10, 2021.  By this stipulation, the parties

18  now move to continue the status conference to January 26, 2022, at 1:00 p.m. before the Honorable

19  Barbara A. McAuliffe and to exclude time between November 10, 2021 and January 26, 2022.

20          On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

21  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

22  continue all criminal matters to a date after June 1. On May 13, 2020, this Court issued General Order

23  618, which suspends all jury trials in the Eastern District of California until further notice.  These and

24  previous General Orders were entered to address public health concerns related to COVID-19.

25          Although the General Orders address the district-wide health concern, the Supreme Court has

26  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

27  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

28  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

1 exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

2 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3 judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

4 or in writing").

5        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6 and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

7 continuances are excludable only if "the judge granted such continuance on the basis of his findings that

8 the ends of justice served by taking such action outweigh the best interest of the public and the

9 defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

10 "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

11 ends of justice served by the granting of such continuance outweigh the best interests of the public and

12 the defendant in a speedy trial."  *Id.*

13        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

14 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

15 natural disasters, or other emergencies, this Court has discretion to order a continuance in such

16 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

17 following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

18 recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

19 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

20 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

21 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

22        In light of the societal context created by the foregoing, this Court should consider the following

23 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

24 justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

25 for the trial.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

26 continuance must be "specifically limited in time").

27

28     [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' respective counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for a status conference on November 10, 2021.

2.      By this stipulation, defendants now move to continue the status conference to January 26, 2022, at 1:00 p.m. before the Honorable Barbara A. McAuliffe and to exclude time between November 10, 2021, and January 26, 2022, under Local Code T4.

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes investigative reports, audio and video recordings, lab reports, and related documents. The case involves several seizures, approximately 10,300 pages of discovery, and electronic discovery in the form of several gigabytes. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      As a result of the public health emergency, defense counsel have had limited access to their clients. Counsel for defendants desire additional time to consult with their clients in light of the difficulties caused by preventive measures at the jail, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions, to prepare pretrial motions, and to otherwise prepare for trial. Defense investigation has been slowed by the inability to review discovery with their clients and communication has been hampered given the conditions at the jail.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of November 10, 2021 to January 26, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  November 1, 2021                          PHILLIP A. TALBERT
                                                 Acting United States Attorney


                                                 /s/ KATHERINE E. SCHUH
                                                 KATHERINE E. SCHUH
                                                 Assistant United States Attorney

Dated:  November 1, 2021                          /s/Matthew Lombard
                                                 Matthew Lombard
                                                 Counsel for Defendant Manuel
                                                 Delgado-Montenegro

Dated:  November 1, 2021                          /s/ Daniel L. Harralson
                                                 Daniel L. Harralson
                                                 Counsel for Defendant Ricardo
                                                 Andrade


Dated:  November 1, 2021                          /s/ Roger Dale Wilson
                                                 Roger Dale Wilson
                                                 Counsel for Defendant Miguel
                                                 Meza

Dated:  November 1, 2021

/s/ Farid Yadegar
Matthew Lombard
Counsel for Defendant Olga
DeServin

Dated:  November 1, 2021

/s/ David Arredondo
David Arredondo
Counsel for Defendant Manuel
Astorga

Dated:  November 1, 2021

/s/ Steven Crawford
Matthew Lombard
Counsel for Defendant Jose
Robledo Carranza

Dated:  November 1, 2021

/s/ Carol Ann Moses
Carol Ann Moses
Counsel for Defendant Ronnie
Mesa, Jr.

Dated:  November 1, 2021

/s/ Mark A. Broughton
Mark A. Broughton
Counsel for Defendant Pedro
Garcia

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

\\\

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

5

**FINDINGS AND ORDER**

IT IS HEREBY ORDERED that the trial in this case be continued from November 10, 2021 until **January 26, 2022 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. <u>In any further request for a continuance, the parties shall explain when they will be ready to set a trial date.</u>

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 10, 2021 to January 26, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **November 3, 2021**          /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE