PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> V. <br> MANUEL MONTENEGRO, ET AL <br><br> DEFENDANTS. | CASE NO. 1:19-CR-00007 JLT-SKO <br><br> STIPULATION CONTINUING TRIAL AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER <br><br> DATE: October 7, 2022 <br> TIME: 8:30 a.m. <br> COURT: Hon. Jennifer L. Thurston |

This case is set for trial confirmation on October 7, 2022 and for trial on October 25, 2022 in front of the Honorble Jennifer L. Thurston, U.S. District Court Judge. The parties stipulate and request to vacate the trial confirmation hearing and continue the trial to Monday, February 6, 2023 at 8:30 a.m. This case involves complex issues and intersecting state and federal cases, and counsel need additional time based in part on state timing, and also to review discovery, conduct additional investigation, and engage in additional discussions with the government before doing so.

On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act. On June 27, 2022, the Court issued General Order 652, which "authorized the use of videoconference and teleconference technology in certain criminal

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

proceedings under the in the Eastern District of California." This and previous General Orders highlight and were entered to address public health concerns related to COVID-19. Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay." Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*

*States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. Defense counsel needs additional time. This case involves complex issues, and counsel need additional time to analyze discovery, conduct additional investigation, and engage in additional discussions with the government.

2. By this stipulation, defendants now move to vacate the October 7, 2022 trial confirmation, and to continue the October 25, 2022 trial to February 6, 2023 and to exclude time from October 7, 2022 to February 6, 2023 under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes investigative reports, audio and video recordings, lab reports, and related documents. The case involves several seizures, approximately 10,300 pages of discovery, and electronic discovery in the form of several gigabytes. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) As a result of the public health emergency, defense counsel have had limited access to their clients. Counsel for defendants desire additional time to consult with their clients in light of the difficulties caused by preventive measures at the jail, to review the current charges,

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions, to prepare pretrial motions, and to otherwise prepare for trial. Defense investigation has been slowed by the inability to review discovery with their clients and communication has been hampered given the conditions at the jail.

        c)        Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

        d)        The government does not object to the continuance.

        e)        Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

        f)        For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of October 7, 2022 to February 6, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

4.        Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: October 4, 2022 | PHILLIP A. TALBERT<br>Acting United States Attorney |
| | /s/ KIMBERLY A. SANCHEZ<br>KIMBERLY A. SANCHEZ<br>Assistant United States Attorney |

Dated:  October 4, 2022						/s/Matthew Lombard
								ANTHONY CAPOZZI
								Counsel for Defendant Manuel
								Delgado-Montenegro


Dated:  October 4, 2022						/s/ Roger Dale Wilson
								Roger Dale Wilson
								Counsel for Defendant Miguel
								Meza


Dated:  October 4, 2022						/s/ Farid Yadegar
								ANTHONY CAPOZZI
								Counsel for Defendant Olga
								DeServin


Dated:  October 4, 2022						/s/ Carol Ann Moses
								Carol Ann Moses
								Counsel for Defendant Ronnie
								Mesa, Jr.


**FINDINGS AND ORDER**

IT IS SO FOUND.

IT IS SO ORDERED.

Dated:   **October 4, 2022**					_____
								UNITED STATES DISTRICT JUDGE