PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br>MANUEL MONTENEGRO, ET AL<br><br>DEFENDANTS. | CASE NO. 1:19-CR-00007 JLT-SKO<br><br>STIPULATION REGARDING CONTINUANCE OF STATUS CONFERENCE/ CHANGE OF PLEA HEARING & EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: March 27, 2023<br>TIME: 11:00 a.m.<br>COURT: Hon. Jennifer L. Thurston |

This case is set for change of plea or status conference on March 26, 2023 in front of the Honorble Jennifer L. Thurston, U.S. District Court Judge.  The parties stipulate and request to continue the change of plea/ status conference to August 28, 2023 at 11:00 a.m.  Since the last time counsel stipulated and requested that this proceeding be set, counsel has engaged in further plea discussions, and it is anticipated that all four defendants will enter changes of plea.  However, all of agreements are not signed by defendants yet .  In order to for a few of the defendants to sign their agreements and to provide the court with sufficient time to review them, the parties agree to continuing the change of plea hearings to August 28, 2023 at 11:00 a.m.  Absent an emergent situation, the parties will be prepared to proceed with changes of plea or a trial setting on that date.

On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize

video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act.  On June 27, 2022, the Court issued General Order 652, which "authorized the use of videoconference and teleconference technology in certain criminal proceedings under the in the Eastern District of California."  This and previous General Orders highlight and were entered to address public health concerns related to COVID-19.  Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay."  Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631, 652, and 662 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. Defense counsel needs additional time. This case involves complex issues, and at least two defendants need additional time to sign their plea agreements. Since the last time counsel stipulated and requested that this proceeding be set, counsel has engaged in further plea discussions, and it is anticipated that all four defendants will enter changes of plea. However, all of agreements are not signed by defendants yet . There has been at least one intervening family emergency suffered by one of the defendants that interfered with being able to resolve this prior to the next scheduled status conference. Since this is a package offer, the co-defendants desire additional time such that the package offer might be executed. In order for at least one of the defendants to sign their agreements and to provide the court with sufficient time to review them, the parties agree to continuing the change of plea hearings to August 28, 2023 at 11:00 a.m. Absent an emergent situation, the parties will be prepared to proceed with changes of plea or a trial setting on that date. The parties have only a few remaining issues

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

to investigate and discuss before reaching final agreements.  Defendants need additional time to investigate and discuss the changes.

2. By this stipulation, defendants now move to continue the March 26, 2023 change of plea/status hearing to August 28, 2023 at 11:00 a.m.  The government will leave the plea offers open until that date and time.  After a trial date is set the offers are withdrawn.  Defendants request time to be excluded from the date of this Order through August 28, 2023 under Local Code T4.

3. If the parties do not globally resolve their case by August 28, 2023, they will select a trial date for the last week of November 2023.

4. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports, audio and video recordings, lab reports, and related documents. The case involves several seizures, approximately 10,300 pages of discovery, and electronic discovery in the form of several gigabytes. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

    b) As a result of the public health emergency, defense counsel have had limited access to their clients. Counsel for defendants desire additional time to consult with their clients in light of the difficulties caused by preventive measures at the jail, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions, to prepare pretrial motions, and to otherwise prepare for trial. Defense investigation has been slowed by the inability to review discovery with their clients and communication has been hampered given the conditions at the jail.

    c) Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d) The government does not object to the continuance.

    e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of the date of this Order to September 11, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 24, 2023
PHILLIP A. TALBERT
Acting United States Attorney

/s/ KIMBERLY A. SANCHEZ
KIMBERLY A. SANCHEZ
Assistant United States Attorney

Dated: March 24, 2023
/s/Matthew Lombard
MATTHEW LOMBARD
Counsel for Defendant Manuel Delgado-Montenegro

Dated: March 24, 2023
/s/ Roger Dale Wilson
Roger Dale Wilson
Counsel for Defendant Miguel Meza

Dated: March 24, 2023
/s/ Farid Yadegar
MATTHEW LOMBARD
Counsel for Defendant Olga DeServin

Dated: March 24, 2023
/s/ Carol Ann Moses
Carol Ann Moses
Counsel for Defendant Ronnie Mesa, Jr.

**FINDINGS AND ORDER**

GOOD CAUSE HAVING BEEN FOUND, the Status Conference/Change of Plea Hearing in Case Number 1:19-CR-0007 JLT-SKO, currently scheduled for March 27, 2023 is continued to August 28, 2023, at 11:00 am. The time period from the date of this order to September 11, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendants in a speedy trial.

IT IS SO ORDERED.

Dated:   **March 27, 2023**　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE