PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00007 JLT-SKO |
| Plaintiff, | STIPULATION TO CONTINUE TRIAL DATE AND EXCLUDE TIME; ORDER |
| v. | |
| MANUEL DE JESUS DELGADO MONTENEGRO, MIGUEL MEZA, OLGA HERNANDEZ DE-SERVIN, and RONNIE MESA, JR., | |
| Defendants. | |

IT IS HEREBY STIPULATED, by and between the parties through their respective counsel, Assistant United States Attorney Kimberly Sanchez counsel for plaintiff, Matthew Lombard, counsel for Manuel de Jesus Delgado Montenegro; Roger Wilson, counsel for Miguel Meza; Farid Yadagar, counsel for Olga Hernandez De-Servin; and Carol Moses, counsel for Ronnie Mesa, Jr., that the change of plea hearing currently scheduled for April 30, at 8:30 a.m. may be continued to September 17, 2024 at 8:30 a.m., and that the trial confirmation hearing set for April 1, 2024 be continued until August 26, 2024. There is good cause to set this trial date and exclude time as set forth below.

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate and request the Court find the following:

STIPULATION AND PROPOSED ORDER          1

1. By previous order, this matter was set for a trial on April 30, 2024. A majority of the parties had reached agreements acceptable to both sides. The plea agreements included a provision dependent on all defendants entering guilty pleas. The parties had a good faith believe the case would resolve. However, the final agreement could not be fully executed and therefore the parties agree to proceed to trial. Since the last request for a continuance, it became clear that all parties were not going to enter into the plea agreement, and plea negotiations resumed. If any of the parties decide to change their plea prior to trial, the parties will file a stipulation requesting a change of plea date.

2. A scheduling conflict arose for Attorney Moses. Unexpectedly she will be away from the office for approximately three weeks on a personal matter that came to light only recently and she will not be able to adequately prepare for trial the immediate week before April 30, 2024, nor be available for the trial confirmation hearing on April 1, 2024. Additionally, all defense counsel would like additional time to prepare for trial given the complexity of the case and the previous anticipation the case would settle by a global plea agreement.

3. The parties consulted on the earliest possible date for defense counsel to be prepared and conflicts in their calendars and jointly concluded that September 17, 2024 worked for scheduling and provided sufficient time for defense counsel to be prepared to proceed to trial.

4. By this stipulation, the parties now move to continue the trial date to September 17, 2024 at 8:30 a.m., the trial confirmation hearing to August 26, 2024, and to exclude time between April 30, 2024 and September 17, 2024.

5. The government has represented that the discovery associated with this case includes investigative reports, audio and video recordings, lab reports, and related documents. The case involves several seizures, approximately 10,300 pages of discovery, and electronic discovery in the form of several gigabytes. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

6. Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7. The government does not object to the requested trial date.

8. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

9. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 30, 2024 to September 17, 2024 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

10. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Respectfully submitted,

Dated: March 15, 2024         PHILLIP A. TALBERT
                              Acting United States Attorney

                              /s/ Kimberly A. Sanchez
                              Kimberly A. Sanchez
                              Assistant United States Attorney

Dated: March 15, 2024         /s/Matthew Lombard
                              Matthew Lombard
                              Counsel for Defendant Manuel
                              Delgado-Montenegro

Dated: March 15, 2024         /s/ Roger Dale Wilson
                              Roger Dale Wilson
                              Counsel for Defendant Miguel
                              Meza

Dated: March 15, 2024         /s/ Farid Yadegar
                              Farid Yadagar
                              Counsel for Defendant Olga
                              DeServin

STIPULATION AND PROPOSED ORDER         3

Dated: March 15, 2024        /s/ Carol Ann Moses
                             Carol Ann Moses
                             Counsel for Defendant Ronnie Mesa, Jr.

## **O R D E R**

The time period of the date of this order to September 17, 2024, inclusive, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. The trial is continued to Tuesday, September 17, 2024 at 8:30 a.m. with a trial confirmation hearing on August 26, 2024 at 9:00 a.m.

IT IS SO ORDERED.

Dated:  **March 22, 2024**                    /s/ Jennifer L. Thurston
                                              UNITED STATES DISTRICT JUDGE